UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Cause No. 4:16 CR 480 JAR (NAB) |
| MICHAEL LEWIS | ) ) ) | |
| Defendant. | ) | |

## ORDER

Defendant, Michael Lewis, ("Defendant") is charged in an indictment with one count of being a felon in possession of a firearm. The United States filed a motion for pretrial detention under the Bail Reform Act of 1984, 18 U.S.C. § 3141, et seq. (Doc. 4). Defendant appeared before the undersigned on November 10, 2016, for a detention hearing with counsel, Assistant Federal Public Defender Robert Wolfrum.

Where, as here, the United States moves for pretrial detention and a defendant is charged with being a felon in possession of a firearm, the Bail Reform Act requires that the judicial officer hold a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f)(1)(E).  Under the Bail Reform Act, a person should be detained:

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will reasonably assure the defendant's appearance . . . .

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003)(quoting *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

In this case, the United States Pretrial Services Office submitted a written report. *See* Doc. 10. Neither party had any objections to the facts contained in the Pretrial Services Report and so the undersigned adopts all of the facts contained in that report. The report indicates, among other things, that Defendant is currently incarcerated at the St. Louis City Corrections Division where he is being held and charged with offenses related to the instant federal offense. Defendant is a lifelong resident of the St. Louis area and before his incarceration lived with his sister and her three minor children in the city of St. Louis. Defendant is the father of five children and, prior to his incarceration, was working for EAC Investment Group. Defendant believes he will be able to resume employment with EAC if released.

Defendant obtained his GED and has been accepted into an EMT training course. He has no passport and has never traveled outside the United States. Defendant was convicted of burglary 2nd degree and stealing nearly ten years ago. He was placed on probation for three years. His probation was revoked in May 2009, in connection with new charges for unlawful use of a weapon, domestic assault and endangering the welfare of a child. Defendant was sentenced to 120 day shock incarceration and resumed probation in August 2009. He successfully completed probation in 2011 and has had no other convictions or charges other than those relating to the instant offense.

At the hearing, the Assistant United States Attorney acknowledged on the record that releasing defendant would not pose a flight risk and that the state charges will likely be dropped in the near future in light of the federal indictment.

Although, as the United States pointed out, defendant's criminal history and arrest (without conviction or charge) record suggests that his release could pose a danger to the community, based on the record before this Court, the United States has failed to prove by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. Indeed, the Pretrial Services Report recommends that Defendant be released on a $25,000 Unsecured Bond with additional conditions. The undersigned concurs with the recommendation of the Pretrial Services Agency and finds that the conditions and bond recommended by the Pretrial Services Office will reasonably assure the Court that Defendant will not be a danger to the community and will appear as required.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' motion for pretrial detention (Doc. No. 4) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Michael Lewis be released from the custody of the United States Marshals Service upon the following conditions:

1. Defendant must notify his attorney and the Pretrial Services Office if he is released from state custody or the state charges pending in Case No.: 1622-CR04333-01 are dismissed.
2. Defendant must submit to supervision by the U.S. Pretrial Services Agency.
3. Defendant must execute a $25,000 Unsecured Appearance Bond.
4. Defendant's travel will be restricted to the Eastern District of Missouri.
5. Defendant must refrain from possessing a firearm, destructive device or other dangerous weapon.
6. Defendant must participate in a program of substance abuse testing and treatment as directed.

     **IT IS FINALLY ORDERED** that the undersigned will schedule a bond appearance once the Court is notified that the state charges pending in Case No.: 1622-CR04333-01 have been dismissed.

                                                                               /s/ Shirley Padmore Mensah  
                                                        SHIRLEY PADMORE MENSAH  
                                                        UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of November, 2016.